IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-19-BO

| | | |
|---|---|---|
| LASHAN MCCALLUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER and** |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| TIMOTHY F. GEITHNER, | ) | |
| Secretary of the Treasury, | ) | |
| JANET FANDRE, South Atlantic Territory | ) | |
| Manager, and | ) | |
| SUSAN PLILER, Group Manager, | ) | |
| | ) | |
| Defendants. | ) | |

This pro se case is before the court on the application (D.E. 1) by plaintiff LaShan McCallum ("plaintiff") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), respectively. These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. (*See* 3d D.E. dated 11 Jan. 2013). For the reasons stated below, the court will allow plaintiff's motion to proceed *in forma pauperis*, but recommend that two of the named defendants be dismissed from the action.

## ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated the inability to prepay the required court costs. The motion to proceed *in forma pauperis* is therefore GRANTED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

In her complaint, plaintiff asserts claims against her employer, the United States Department of the Treasury ("Treasury Department"), for disability discrimination under the

Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act")[1] and Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* (*See* Compl. (D.E. 1-1) ¶¶ 3-7). Plaintiff names as defendants the Secretary of the Treasury, Timothy F. Geithner, as well as two other employees of the Treasury Department, Janet Fandre and Susan Pliler. As a federal employee, plaintiff has appropriately named the Treasury Secretary as a defendant. *See* 42 U.S.C. § 2000e-16(c) (requiring that a federal employee filing a Title VII action against a federal employer name "the head of the department, agency, or unit" as the defendant); *see also Love v. Donahoe*, No. 1:10CV980, 2012 WL 3595105, at *1 n.2 (M.D.N.C. 20 Aug. 2012) ("By statute, the proper Defendant in a suit brought by a federal employee arising under Title VII or the Rehabilitation Act is the agency head." (citing 42 U.S.C. § 2000e-16(c) and 29 U.S.C. § 794a(a)(1) (adopting Title VII procedures for Rehabilitation Act suits))). However, the remaining two defendants are not subject to suit. *See Farrell v. U.S. Dept. of Justice*, 910 F. Supp. 615, 618 (M.D. Fla. 1995) (dismissing Deputy U.S. Marshal's claims against all individual defendants except for the U.S. Attorney General on the grounds that "[t]he only proper Defendant in a Title VII suit or a claim of discrimination under the Rehabilitation Act is the head of the agency accused of having discriminated against the Plaintiff"). Accordingly, it will be recommended that plaintiff's claims against defendants Fandre and Pliler be dismissed.

III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that defendants Fandre and Pliler be DISMISSED from this action, but that the action otherwise proceed against defendant Geithner.

---

[1] While plaintiff does not specifically cite the Rehabilitation Act in her proposed complaint or the accompanying civil cover sheet (*see* D.E. 1-3 at 1), the alleged facts clearly indicate that plaintiff is a federal employee complaining of discrimination on the basis of her disability and her federal employer's failure to provide reasonable accommodations for her disability. (*See, e.g.*, Compl. ¶¶ 4.A., 6).

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 20 February 2013, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 6th day of February 2013.

James E. Gates
United States Magistrate Judge