IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-19-BO

| | |
|---|---|
| LASHAN MCCALLUM, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| TIMOTHY F. GEITHNER, ) | **ORDER** |
| Secretary of the Treasury, ) | |
| JANET FANDRE, South Atlantic Territory ) | |
| Manager, and ) | |
| SUSAN PLILER, Group Manager, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Order and Memorandum and Recommendation ("M & R") of United States Magistrate Judge James E. Gates [DE 6]. The Court ADOPTS the M & R as revised by this Order.

BACKGROUND

This case arises from alleged violations of Title VII of the Civil Rights Act and the Rehabilitation Act of 1973. The plaintiff was an employee of the United States Department of Treasury and alleges that she was discriminated against by her employer because of her physical disabilities. On January 7, 2013, the plaintiff filed a motion for leave to proceed *in forma pauperis*. The plaintiff's proposed complaint named Timothy Geithner, Secretary of Treasury, Janet Fandre, and Susan Pliler as defendants. Magistrate Judge Gates granted the plaintiff's application to proceed *in forma pauperis*. Upon frivolity review, Magistrate Judge Gates found that Janet Fandre and Susan Pliler were not proper defendants in this matter and should be dismissed. Plaintiff filed an objection to the M & R on February 15, 2013.

DISCUSSION

A district court is required to review an M & R *de novo* if the plaintiff specifically objects to it or in cases of plain error. 28 U.S.C. § 636(b)(1)(B); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The

district court is only required to make a *de novo* determination of those specific findings to which the plaintiff has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Here, the plaintiff has objected only to a non-material finding by Magistrate Judge Gates – whether plaintiff specifically cited the Rehabilitation Act in her complaint and civil cover sheet. This Court finds that the Magistrate Judge's finding that the plaintiff failed to specifically cite the Rehabilitation Act is in error. *See* [DE 6, n.1] The plaintiff did cite to the Rehabilitation Act both in her cover sheet and an exhibit attached to that cover sheet. [DE 1-3]. Although this finding is not material, the Court adopts the Magistrate Judge's recommendations subject to a revision of his finding that the plaintiff failed to cite the Rehabilitation Act.

Additionally, the Court notes that Jacob Lew assumed the office of United States Secretary of the Treasury on February 28, 2013. Pursuant to Federal Rule of Civil Procedure 25(d) Jacob Lew should be substituted for Timothy Geithner as the defendant in this suit. The remainder of the proceedings in this matter should be in the name of the substituted defendant, but any misnomers not affecting the substantial rights of the parties shall be disregarded.

## CONCLUSION

The Court ADOPTS the Magistrate Judge's M & R [DE 6] subject to the revisions identified by this Order. The clerk is DIRECTED TO FILE the complaint and issue the summons prepared by plaintiff on defendant Jacob Lew. The United States Marshal is directed to SERVE the summons and a copy of the complaint on the defendant.

SO ORDERED.

This the 4 day of April, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE