IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 5:13-CV-19-BO

| | |
|---|---|
| LASHAN MCCALLUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| JACOB LEW, ) | |
| SECRETARY OF THE TREASURY, ) | |
| U.S. DEPARTMENT OF TREASURY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on defendant Jacob Lew's motion to dismiss pursuant to Federal Rule of Civil Procedure 4(m) [DE 17], and plaintiff's request for entry of default [DE 19] and motion for default judgment [DE 21]. The motions are ripe for adjudication. For the reasons stated herein, the defendant's motion to dismiss is GRANTED and plaintiff's motions are DENIED AS MOOT.

## BACKGROUND

On January 7, 2013, pro se plaintiff filed a motion for leave to proceed in forma pauperis. On April 5, 2013, this Court granted plaintiff's motion and filed plaintiff's complaint. The Court ordered the United States Marshall to serve the summons and a copy of the complaint on the defendant. The same day a summons was issued as to Jacob Lew. The United States Marshall served Jacob Lew on April 22, 2013 at the address provided by plaintiff. Plaintiff only requested that Jacob Lew be served at his Department of Treasury office address. The Rule 4(m) deadline expired on August 6, 2013.

## DISCUSSION

FED. R. CIV. P. 4(i) pertains to serving the United States and its agencies, corporations, officers, or employees. As Secretary of the Treasury, Jacob Lew is an officer of the United States. Lew is sued in his official capacity. Rule 4(i)(2) states "[t]o serve a United States . . . officer or employee sued only in an official capacity, a party *must* serve the United States *and* also send a copy of the summons and complaint by registered or certified mail to the . . . officer." FED. R. CIV. P. 4(i)(2) (emphasis added). Plaintiff here failed to serve the United States according to the procedure laid out in FED. R. CIV. P. 4(i)(1).

Plaintiff's pro se standing in the case does not impact this issue. FED. R. CIV. P. 4(m) requires a plaintiff to serve a defendant within 120 days after a complaint is filed. The district court must extend the 120-day period if the plaintiff shows good cause for his failure to timely serve the defendant. FED. R. CIV. P. 4(m). "Pro se status, however, is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly." *Hansan v. Fairfax Cnty. School Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010). Here, plaintiff believes she satisfied the requirement of service by having the Marshall serve Lew at his office. However, she mistakenly omitted to serve the United States. She did not correct this deficiency in her suit before August 6, 2013. She has not shown good cause for this deficiency other than pointing to her own misunderstanding of the rules. The Fourth Circuit has held an absence of good cause for lack of service requires a district court to dismiss without prejudice. *See Tann v. Fisher*, 276 F.E.D. 190, 194 (D. Md. 2011) (discussing the stare decisis nature of the Fourth Circuit's prior rulings in light of recent Supreme Court developments and finding that the district court is required to dismiss in the absence of a showing of good cause for failure of service).

2

Accordingly, plaintiff's complaint is dismissed without prejudice. Any motion for default by plaintiff is now moot as this case has been dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED. Plaintiff's motions for default are DENIED AS MOOT. The case is DISMISSED WITHOUT PREJUDICE. The clerk is directed to close the file and enter judgment accordingly.

SO ORDERED.

This the 10 day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3